IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 FEB 28 PM 4:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

CHARLOTTE WEEKS and KENNETH GOODWIN, )
on behalf of themselves and others similarly situated, )
)
Plaintiffs, )
)
vs. )
)
CITY OF HUEYTOWN, ALABAMA and CITY OF )
BIRMINGHAM, ALABAMA, and all other municipal )
corporations in the State of Alabama which have and )
continue to impose excessive court costs in DUI cases )
in contravention of Alabama law, and in violation of )
the constitutional rights of the Plaintiff class described )
herein, )
)
Defendants. )

Civil Action Number
01-C-3374-S

ENTERED
MAR 3 2003

**MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT**

I

In this action brought under 42 U.S.C. § 1983, the Plaintiffs complain that two Alabama municipalities, Hueytown and Birmingham, impose excessive court costs in driving under the influence of alcohol ("DUI") cases. According to the Plaintiffs, these excessive court costs deprive them of their property without due process of law and unjustly enrich the defendant cities.

Plaintiff Charlotte Weeks was convicted of DUI in the Municipal Court of Hueytown on November 4, 1999. She was fined a total of $2,226.00. She appealed the conviction and fine to the Jefferson County Circuit Court. On June 26, 2000, she pled guilty in the Circuit Court; she was fined $1000, given a 60-days suspended sentence (with two days to serve), and ordered to attend DUI

1



school.

This case was filed on December 28, 2001.

Kenneth Goodwin plead guilty to DUI in the Birmingham Municipal Court on March 1, 2001. He was fined $600 and assessed court costs of $432.50. Birmingham concedes that the amount of the fine and court costs were improperly assessed by the municipal judge. Goodwin never appealed to the Circuit Court of Jefferson County.

The fines and court costs imposed on both Plaintiffs do not exceed the maximum permitted by Alabama law.

## II

The Court is not certain of what precisely Plaintiff Weeks seeks in this lawsuit. Assuming that Hueytown imposed on her an excessive fine, presumably it was corrected on appeal. Surely she does not attack the fine imposed by the Circuit Court, for she has not made (and cannot make) it a party to this case.

But the Court is certain that Plaintiff Week's claims are barred by the two-year statute of limitations imputed to Section 1983 actions. The fine and court costs were imposed by the Hueytown Municipal Court on November 4, 1999. She brought this case seven weeks too late.

## III

Plaintiff Goodwin has not cited to the Court a single case which gives it jurisdiction to entertain this action. Section 1983 does not create any independent rights; and violation of a state statute is not *ipso facto* a violation of Section 1983.

Plaintiff's due process claim must fail. To the extent that the City of Birmingham has erroneously imposed a fine on him, he can seek redress in the courts of the State of Alabama -

starting with the Birmingham Municipal Court itself. Since it has confessed its error, surely it will now refund to Plaintiff Goodwin any excess court costs initially imposed on him. Then, Plaintiff has the right to appeal any adverse decision of the Birmingham Municipal Court to the Jefferson County Circuit Court, and from there to the Alabama Court fo Civil Appeals, and from there to seek certiorari in the Alabama Supreme Court. Put another way, the State of Alabama affords Plaintiff ample process for the airing and resolution of his claim. There is no due process violation.

The unjust enrichment claim is likewise not cognizable under Section 1983.

These are precisely the kind of claims which must be heard in the courts of the State of Alabama.

By separate order, this case will be dismissed.

Done this __28th__ day of February, 2003.

_____
Chief United States District Judge
U.W. Clemon
